UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

**ARANDELL CORPORATION,**
        Plaintiff,

v.                                           Case No. 14-C-1279

**LOYD WALKER, DORIS WALKER,
QUANTUM GRAPHIX OF HOLT LLC,
HECTOR CHABUT, CALEV PRINT
MEDIA, LLC, MARK CALEV, FRANK
AMBROSE, INC. d/b/a AMBROSE
SOLUTIONS, and ROBERT AMBROSE**
        Defendants,
and

**LOYD WALKER,**
        Counter-Plaintiff,

v.

**ARANDELL CORPORATION,
BRAD HOFFMAN, and THOMAS BENEDICT,**
        Counter-Defendants.

---

## DECISION AND ORDER

Loyd Walker has filed a motion to compel the plaintiff, Arandell Corporation, to respond to certain of his requests for the production of documents. See Fed. R. Civ. P. 34. Although Walker has not identified the specific requests at issue, he seems to be concerned with Requests Nos. 2 and 3 from his second requests for the production of documents and Request No. 1 from his fourth requests for the production of documents. I will construe the motion to compel as being directed at those requests.

Request No. 2 seeks "all of Arandell's state and federal income tax returns, including all schedules, attachments, and worksheets for tax years 2007 through 2014."

ECF No. 92-1 at p. 11 of 34. Arandell objects to this request on the ground that its tax returns are not relevant to any issue in this case. Walker contends that the tax returns are relevant to Arandell's claim for lost profits. However, Walker has not explained how he would use information in Arandell's tax returns to defend against its claim for lost profits, and absent such an explanation, I do not see how the tax returns are relevant. Arandell has yet to identify the precise lost profits it will seek to recover in this case,[1] but presumably it will seek profits it would have earned on sales that it would have made had Walker not diverted business to Arandell's competitors. Obviously, if Arandell did not make the sales at issue, information concerning those sales would not appear in its tax returns. Although the tax returns might reflect Arandell's overall profitability, I do not see how this information would enable Walker to calculate the profits Arandell would have made on specific transactions that never occurred. Arandell's tax returns might be relevant if Arandell were claiming that Walker's conduct caused it to go out of business; in that case, Arandell's overall profitability could be used to project the profits it would have made but for the interruption of its business. But obviously, Arandell has not gone out of business. Thus, I conclude that Arandell's tax returns are not relevant to any claim or defense in this case and will not compel Arandell to produce them. See Fed. R. Civ. P. 26(b)(1).

Request No. 3 asks for

> all of Arandell's financial records and documents that pertain to any of the customers Arandell claims it would have generated profits from had it known about the transactions Mr. Walker was compensated for by outside companies . . . , including:

---

[1]As far as the record reveals, Walker has not served a contention interrogatory on Arandell asking it to identify its lost profits and explain how it calculated them.

> a) All invoices to those customers.
>
> b) All ledgers or other documents evidencing payments received.
>
> c) All documents reflecting the costs of goods sold for products sold to those customers.
>
> d) All documents reflecting any fixed costs incurred in securing and for selling to those customers.
>
> e) All documents evidencing or bearing upon determining your profits margin for those customers.

ECF No. 92-1 at p. 11 of 34. Unlike the tax returns, this information could be used to estimate the profits Arandell might have earned on specific transactions but for Walker's unlawful conduct: the requested information would reveal Arandell's profit margin on past sales to a specific customer, and one might reasonably infer that Arandell's profit margin on any additional sales to that customer that Arandell might have made but for Walker's conduct would have been similar. Thus, to the extent that Arandell has documents responsive to this request, it must produce them.

Request No. 1 asks for "documents relating to the profitability of each salesperson Arandell employed from 2007 through 2014, including but not limited to documents reflecting annual sales and gross profits for each salesperson." ECF No. 92-1 at 26 of 34. Arandell responded to this discovery request by objecting to it, but also by stating that it has no documents that are responsive to the request. Arandell's statement that it has no responsive documents is a complete response to this request for production, and therefore I cannot compel Arandell to do anything more. Obviously, I cannot compel Arandell to produce documents that do not exist. Accordingly, Walker's motion will be denied as to this request.

3

## CONCLUSION

For the reasons stated, **IT IS ORDERED** that Walker's motion to compel (ECF No. 91) is **GRANTED IN PART** and **DENIED IN PART**. The motion is granted to the extent that Arandell must produce any documents in its possession, custody, or control responsive to Request No. 3. In all other respects, the motion is denied.

Dated at Milwaukee, Wisconsin, this 25th day of September, 2015.

    s/ Lynn Adelman
    _____
    LYNN ADELMAN
    District Judge