UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

ARANDELL CORPORATION,
        Plaintiff,

v.                                        Case No. 14-C-1279

LOYD WALKER, DORIS WALKER,
QUANTUM GRAPHIX OF HOLT LLC,
HECTOR CHABUT, CALEV PRINT
MEDIA, LLC, MARK CALEV, FRANK
AMBROSE, INC. d/b/a AMBROSE
SOLUTIONS, and ROBERT AMBROSE
        Defendants,
and

LOYD WALKER,
        Counter-Plaintiff,

v.

ARANDELL CORPORATION,
BRAD HOFFMAN, and THOMAS BENEDICT,
        Counter-Defendants.

---

## DECISION AND ORDER

The plaintiff in this action recently filed an amended complaint in which it added new parties. One of the defendants, Loyd Walker, also filed an amended counterclaim. I have reviewed these pleadings to ensure that the parties have properly alleged that this court has subject matter jurisdiction. See Smoot v. Mazda Motors of America, Inc., 469 F.3d 675, 678 (7th Cir. 2006). It turns out that they have not. However, because the jurisdictional defects could be cured, I will grant the plaintiff and Walker leave to file amended pleadings.

In the amended complaint, the plaintiff alleges that jurisdiction is proper because of the presence of a federal claim, 28 U.S.C. § 1331, and because the parties are diverse and the amount in controversy exceeds $75,000, 28 U.S.C. § 1332. However, as discussed below, I may not exercise jurisdiction under § 1331 because the federal claim is insubstantial and frivolous. Thus, the only basis for federal jurisdiction is diversity of citizenship. However, as also discussed below, the plaintiff has not adequately alleged that the parties are diverse.

The plaintiff's purported federal claim is for false advertising under § 43(a)(1)(B) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(B). But the allegations of the complaint establish that this claim is "insubstantial in the sense that 'prior decisions inescapably render the claim[] frivolous,'" and therefore the claim does not engage the jurisdiction of this court. Avila v. Pappas, 591 F.3d 552, 553 (7th Cir. 2010) (quoting Hagans v. Lavine, 415 U.S. 528, 538 (1974)). The claim is insubstantial in this sense because the complaint alleges that the purported false statements were made in person-to-person communications to specific customers, rather than in promotional materials disseminated to anonymous recipients. Am. Compl. ¶¶ 145–46. In First Health Group Corp. v. BCE Emergis Corp., the Seventh Circuit held that only the latter form of communication qualifies as a "commercial advertising or promotion," which is an essential ingredient of any claim under § 43(a)(1)(B). 269 F.3d 800, 803–04 (7th Cir. 2001). And in Sanderson v. Culligan International Co., the Seventh Circuit described as frivolous an argument that a person-to-person communication is actionable under § 43(a)(1)(B). 415 F.3d 620, 624 (7th Cir. 2005).

Two of the defendants, Calev Print Media, LLC and Mark Calev, have filed a motion to dismiss the Lanham Act claim on the ground that the complaint alleges that the false

2

statements were made in person-to-person communications rather than in promotional materials disseminated to anonymous recipients. The motion cites both First Health and Sanderson. In its response to the motion to dismiss, the plaintiff does not attempt to distinguish either of these cases, to argue that they were wrongly decided, or to otherwise explain how a salesperson's direct communication to a potential customer could fall within the Seventh Circuit's definition of "commercial advertising or promotion." Rather, the plaintiff contends that whether the false statements were made in an advertisement is a question of fact for the jury. But the definition of a statutory term is a question of law for the court, not a question of fact for the jury. E.g., Gaffney v. Riverboat Servs. of Ind., Inc., 451 F.3d 424, 445 (7th Cir. 2006). And prior cases have already established that, as a matter of law, person-to-person communications are not "advertising" within the meaning of the Lanham Act. Therefore, the plaintiff's Lanham Act claim is frivolous and does not provide a basis for federal jurisdiction.[1]

Turning to diversity jurisdiction, the complaint does not adequately allege the facts pertaining to certain parties' citizenship. Although the plaintiff's allegations concerning its own citizenship are adequate, its allegations concerning some of the defendants' citizenship are not. One problem is that the plaintiff assumes that the citizenship of an individual is determined by his or her residence. See Am. Compl. ¶¶ 73, 74, 76, 78, 80. It is not; it is determined by his or her domicile, which may or may not be the same as the

---

[1] Even if the Lanham Act claim were not frivolous, I would dismiss it on the merits under Federal Rule of Civil Procedure 12(b)(6) because the alleged false statements do not meet the definition of "commercial advertising or promotion." I would then relinquish supplemental jurisdiction over the remaining state-law claims. See 28 U.S.C. § 1367(c)(3). Thus, the only way this suit may proceed in federal court is under diversity jurisdiction.

3

person's residence. An allegation of "residence" is therefore deficient. See, e.g., Heinen v.Northrop Grumman Corp., 671 F.3d 669, 670 (7th Cir. 2012).

A second problem is that the plaintiff has not properly alleged facts relating to the citizenship of the two defendants that are limited liability companies. The citizenship of a limited liability company is determined by the citizenship of each of its members. See, e.g., Wise v. Wachovia Sec., LLC, 450 F.3d 265, 267 (7th Cir. 2006). The complaint does not identify the members of defendant Calev Print Media, LLC, and thus it does not identify the citizenship of that defendant. See Am. Comp. ¶¶ 77–78. Although the complaint identifies the "sole owner" of the other LLC defendant, Quantum Graphix of Holt LLC, it does not identify the citizenship of that owner because it alleges only that he is a "resident" of Michigan. Am. Compl. ¶¶ 75–76. Again, the citizenship of an individual is determined by his or her domicile, not residence.

Turning to Loyd Walker's counterclaim, it alleges jurisdiction based on diversity of citizenship. Like the plaintiff, Walker assumes that the jurisdiction of an individual is his or her residence rather than domicile. Am. Countercl. ¶¶ 2, 4, 5. Thus, Walker has not adequately alleged his own citizenship or the citizenship of counter-defendants Brad Hoffman and Thomas Benedict.

It is possible for the plaintiff and Walker to amend their jurisdictional allegations to correct the defects identified above. See 28 U.S.C. § 1653 ("Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts."). Thus, I will grant them leave to file amended pleadings. However, several defendants have already filed motions to dismiss the complaint, and to prevent them from having to re-file and re-brief those motions, I will direct the plaintiff to make no changes to its amended complaint

4

other than correcting the defective jurisdictional allegations and withdrawing the frivolous Lanham Act claim.  The plaintiff may also withdraw other claims or drop parties, but it may not make changes to its substantive allegations or add new claims or parties.

## CONCLUSION

For the reasons stated, **IT IS ORDERED** that the plaintiff and Loyd Walker shall have until **December 4, 2015**, to amend their jurisdictional allegations.

Dated at Milwaukee, Wisconsin, this 19th day of November, 2015.

s/ Lynn Adelman
_____
LYNN ADELMAN
District Judge